## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MALKHAZ MAISASHVILI, NINO ANDRIADZE and MARIAMI MAISASHVILI** | |
| 2052 E 17th Street<br>Brooklyn NY 11229 | Case No.: |
| Plaintiffs,<br>     against | COMPLAINT |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** | |
| 20 Massachusetts Ave NW,<br>Washington DC 20529 | |
| Defendant. | |

## **COMPLAINT**

## DESCRIPTION OF ACTION

1. This is an action brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq*., by plaintiffs, Malkhaz Maisashvili,  his wife, Nino Andriadze, and their daughter, Mariami Maisashvili, against the defendant, the United States Citizenship and Immigration Services (USCIS), asking the Court to hold unlawful and set aside the agency's decisions of July 11, 2018[1] in File Nos. A209062465 / LIN1790945297; A214200607 / LIN 1790945294   and A214180564 / LIN189001583, respectively,  denying their applications for adjustment of status (Forms I-485) on the grounds that Mr. Maisashvili was out of status for over 180 days at the time he filed his (second) application for adjustment of status. Inasmuch as the agency's decisions are directly contrary to its own regulation and binding interpretations of the same, denying all of plaintiffs' applications are not in accordance with law, they should be held unlawful and set aside.

## DESCRIPTION OF THE PARTIES

---

[1] This is the final decision in this matter and the one of which the plaintiffs seek  review by this Court.

2. Malkhaz Maisashvili, Nino Andriadze and Mariami Maisashvili (the

   Maisashvilis) are all citizens and nationals of Georgia, Exhibit B at 2,

   Exhibit C at 2, Exhibit D at 2, temporarily residing in Washington, D.C.

3. Nino Andriadze is Malkhaz Maisashvili's wife, Exhibit C at 4, and Mariami

   is their daughter. Id. at 8.

4. Malkhaz Maisashvili is the beneficiary of an approved immigrant visa

   petition classifying him as an "alien of extraordinary ability", Exhibit B at

   19, which means that he has been found by USCIS to be among the small

   percentage of those who have risen to the very top of his field of Georgian

   culinary arts.  8 C.F.R. § 204.5(h)(2).

5. The defendant United States Citizenship and Immigration Services is an

   agency within the Department of Homeland Security with, among other

   things, responsibility for the adjudication of applications for adjustment of

   status by  non-citizens to obtain lawful permanent resident status in the

   United States.  It is based in the District of Columbia.


## JURISDICTION


6.  This being a civil action against the United States arising under the

    Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the

Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the

United States, original jurisdiction over this matter is vested in this Court by

28 U.S.C. § 1331.

## VENUE

7.  This Court has venue over this matter under 28 U.S.C. § 1391(e)(1)(A) in that

the defendants reside in this judicial district.

## V. STANDING

6.  The Maisashvilis all have a legally protected interest in a decision by the

USCIS on their applications for adjustment of status which is in accordance with

law and (1) the invasion of this right has caused them concrete and particularized

injury in that as a result of this invasion they have been barred from even being

considered for lawful admission to the United States for permanent residence in the

USCIS's discretion;  (2) there is a causal connection between the injury-in-fact and

the defendant's challenged behavior in that it is precisely the defendant's denial of

the plaintiffs' applications for adjustment of status which prevents them from being

considered for permanent residency and (3) it is certain that the injury-in-fact will

be redressed by a favorable ruling in that such a ruling will give them an

opportunity to apply for  permanent residence which they are currently lacking.

*Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1259-61 (11th Cir. 2014) (viewing "deprivation of an opportunity to apply for adjustment of status" as injury),  *Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 637-38 (6th Cir. 2013) (viewing "the loss of an opportunity to become a permanent resident" as injury), *Matushkina v. Nielsen*, 877 F.3d 289, 293 (7th Cir. 2017) (loss of an opportunity to be granted a visa conveyed standing, even if the ultimate issuance of a visa was not certain).  Accordingly, the plaintiffs have standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## BRIEF NARRATIVE OF PERTINENT FACTS

8.  Malkhaz Maisashvili was last admitted to the United States as a nonimmigrant alien of extraordinary ability (O-1) on October 3, 2013 with permission to remain until July 31, 2016.

9.  On June 29, 2016, Mr. Maisashvili filed a petition to be classified under  8 U.S.C. § 1153(b)(1)(A) as an alien of extraordinary ability together with an application to adjust status to permanent resident under 8 U.S.C. § 1255(a) which was approved on July 7, 2016. Exhibit B at 19.

10. On July 29, 2016, Mr. Maisashvili filed a Form I-485 with the USCIS to apply to adjust his U.S. immigration status to permanent resident pursuant to 8 U.S.C. § 1255(k), which was denied on June 28, 2017. Exhibit E at 1.

11. Mr. Maisashvili filed a second Form I-485 with USCIS on September 14, 2017, which was denied on July 11, 2018.  Exhibit F at 1.

12. The reason for this denial was that: "the aggregate period in which failed to maintain a lawful status or violated the terms and conditions of your admission exceeds the 180 day maximum excusable under INA 245(k)." Id. at 3.

13. Nino Andriadze and Mariami Maisashivili both filed applications for adjustment of status on or shortly after the date  Malkhaz Maisashivili did, and all of their applications were denied on the same dates as his, for no other reason than the fact that as Mr. Maisashivili's dependents, they were ineligble to adjust status if he was not. Exhibits G-J.

COUNT I

I.  THE USCIS'S DECISION DENYING  MALHAZ MAISASHVILI'S 2ND APPLICATION FOR ADJUSTMENT OF STATUS WAS NOT IN ACCORDANCE WITH LAW IN THAT HE WAS NOT OUT OF STATUS FOR PURPOSES OF 8 USC 1255(k) WHILE HIS FIRST APPLICATION FOR ADJUSTMENT OF STATUS WAS PENDING

14. 8 U.S.C. § 1255(k) provides that:

An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 203(b) (or, in the case of an alien who is an immigrant described in section 101(a)(27)(C), under section 203(b)(4)) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if--
 (1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;

(2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days--

 (A) failed to maintain, continuously, a lawful status;

(B) engaged in unauthorized employment; or

 (C) otherwise violated the terms and conditions of the alien's admission.


15.  The USCIS Policy Manual[2] states in material part that:


The following situations do not count toward the 180-day limit[3]

- …
- Any time period of unlawful status that USCIS determines was the result of a "technical violation" or through no fault of the applicant; (citing 8 CFR § 245.2(d)(2)).

16. Further, 8 CFR § 245.2(d)(2)) provides in relevant part that:


No fault of the applicant or for technical reasons. The parenthetical phrase other than through no fault of his or her own or for technical reasons shall be limited to: …
 **(ii)** A technical violation resulting from inaction of the Service (as for example, where an applicant establishes that he or she properly filed a timely request to maintain status and the Service has not yet acted on that request). …


17. Here, Malkhaz Maisashvili's failure to maintain status during the time his first application for adjustment of status was pending  was the result of a "technical violation" or through no fault of his own inasmuch as he filed a timely request to maintain a lawful immigration status by filing an application to adjust his

---

[2] Online at https://www.uscis.gov/policymanual/HTML/PolicyManual.html.
[3] Of 8 U.S.C. § 1255(k)(2).

status to permanent resident prior to the expiration of the 180 day period set forth in 8 U.S.C. § 1255(k)(2).

18. Accordingly, from July 29, 2016, until June 28, 2017, Malkhaz Maisashvili was out of status because the USCIS had not yet acted upon his request for adjustment of status.

19. Therefore he was out of status through no fault of his own or for technical reasons during this period and so, pursuant to the USCIS Policy Manual[4], it did not count towards the 180 day period referred to in 8 U.S.C. § 1255(k)(2).

20.  Disregarding this time, Malkhaz Maisashvili was out of status, for the purposes of 8 U.S.C. § 1255(k)(2), only on July 28, 2016, and then from June 29, 2017 to September 13,  2017, a period much less than 180 days.

21. As a consequence, the USCIS's decision denying Malkhaz Maisashvili's application for adjustment of status because he was purportedly out of status more than 180 days for the purposes of 8 U.S.C. § 1255(k)(2) was not in accordance with law.

22. Likewise, inasmuch as Nino Andriadze and Mariami Maisashvili's applications for adjustment of status were also denied because Malkhaz Maisashvili's application was, the denial of their second applications for adjustment of status were not in accordance with law as well.

---

[4] Section 3.4 of the USCIS's Adjudicator's Field Manual, online at
https://www.uscis.gov/ilink/docView/AFM/HTML/AFM/0-0-0-1.html provides that:
"3.4 Adherence to Policy.
(a) Distinction between Correspondence and Policy. …Policy material is binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy, either specifically or by application of more recent policy material. .. Examples of policy materials are:
• Statutes and regulations ( *e.g.* INA and 8 CFR)
• Field and Administrative Manuals"
Accordingly, the USCIS Policy Manual is material is binding on all USCIS officers and must be adhered to unless and until revised, rescinded or superseded by law, regulation or subsequent policy.

WHEREFORE the plaintiffs requests this Court to hold unlawful and set aside the USCIS's decisions denying their applications for adjustment of status.

Respectfully Submitted

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway Ste 307
New York, NY 10007
Phone 646-845-9895
Fax 206-770-6350